[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: May 2, 1997 Date of Application: May 22, 1997 Date Application Filed: May 27, 1997 Date of Decision: January 27, 1998
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket Number CR96-164625.
BY THE DIVISION
The petitioner entered into an agreement with the state CT Page 775 wherein in return for petitioner's guilty plea to robbery in the first degree, he would receive a sentence of 12 years execution suspended after 5 years incarceration with 5 years of probation. The sentence would serve as a "cap" with the petitioner reserving a right to argue for a lesser sentence.
The thrust of petitioner's claim is that there were many mitigating factors brought out at sentencing and that a "meaningful right to argue" should have resulted in a lesser sentence than the maximum which was imposed under the agreement.
Petitioner related what he considered to be the mitigating factors put forward at sentencing: petitioner suffered from mental health issues and had been diagnosed as suffering from bi-polar disorder; petitioner, within hours of incident, accepted responsibility for the crime and readily plead guilty; petitioner was in his forties and his criminal history was minimal; that his personal history demonstrated that he could be a productive member of society; at sentencing, petitioner related his acceptance of responsibility and his sorrow for having traumatized the victim and that he was genuinely remorseful.
Petitioner's counsel concluded by opining that the mitigating factors offered at sentencing were not considered.
The petitioner addressed the Division and expressed his remorse, indicated he could counsel others on addiction and promised never to return to the criminal court system.
The state's attorney reiterated the violent nature of the crime wherein a knife was held by the petitioner to the throat of the victim and money taken. The state's attorney indicated that at sentencing the state recommended a sentence of 12 years execution suspended after 8 years incarceration.
The sentencing court indicated that because of the violent nature of the present offense, the petitioner was a risk of future criminal behavior.
The court then imposed the sentence as indicated.
Pursuant to Connecticut Practice Book § 942, the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the CT Page 776 light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 942 and Connecticut General Statute § 51-194 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 942.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Klaczak, J.
Norko, J.
Miano, J.
Klaczak, J., Norko, J. and Miano, J. participated in this decision.